1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9   **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**
10
11  ALFONZO MASON,                    )   Case No. CV 08-686-FMC (JWJ)
12              Petitioner,            )
                                       )   **MEMORANDUM AND ORDER**
13      vs.                            )   **GRANTING MOTION TO**
                                       )   **DISMISS AND DISMISSING**
14  JOSEPH WOODRING,                  )   **PETITION FOR WRIT OF**
                                       )   **HABEAS CORPUS**
15              Respondent.            )
16                                     )
17  ─────────────────────────────
18      On January 31, 2008, Petitioner Alfonzo Mason, a federal prisoner
19  proceeding pro se, filed a Petition for Writ of Habeas Corpus Motion by a
20  Person in Federal Custody pursuant to 28 U.S.C. § 2241 challenging the
21  Bureau of Prisons' denial of his admittance into its Residential Drug Abuse
22  Program.  Respondent moved to dismiss the Petition as moot because
23  Petitioner's release date from prison was in April 2008.  Despite two Court
24  orders, Petitioner did not oppose Respondent's motion to dismiss.
25      Petitioner was scheduled to be released in April 2008.  (See Traverse, at
26  3-4; Declaration of Corinne M. Nastro, at 2, ¶5(c), Exhs. C, D.)  Given that
27  Petitioner did not respond to the motion to dismiss or the Court's order to
28  show cause (filed in June 2008), it would seem that Petitioner has been

1   released from custody in this District.

2        Respondent argues that Petitioner's release moots the action because he

3   can no longer receive the relief he requests – early release from prison.  The

4   Ninth Circuit has held that release from prison does not moot this type of

5   claim, however, because a prisoner, were he successful, could be awarded an

6   adjustment of his supervised release term pursuant to 18 U.S.C. § 3583(e)(2).

7   Gunderson v. Hood, 268 F.3d 1149, 1153 (9th Cir. 2001); Mujahid v.

8   Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005); Serrato v. Clark, 486 F.3d

9   560, 565 (9th Cir. 2007).  Such relief, however, is available only from the

10  sentencing court.  18 U.S.C. § 3583(e)(2); Mujahid, 413 F.3d at 995 n.3;

11  Serrato, 486 F.3d at 565.  In Petitioner's case the sentencing court is the

12  United States District Court for the Western District of Louisiana.  (See

13  Declaration of Corinne M. Nastro, Exhs. C, D.)

14       Therefore, although the case is not moot in all districts, given Petitioner's

15  release from prison, this Court is without an ability to award Petitioner any

16  relief.  Although this Court might have the ability to transfer this case to the

17  sentencing court pursuant to 28 U.S.C. § 1404 or § 1631, see e.g. Vega v.

18  United States, 2007 WL 4248279 (W.D. Pa. 2007), the interests of justice do

19  not require a transfer here because of Petitioner's failure to respond either to

20  the motion to dismiss or to the Court's order to show cause.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Therefore, it is hereby **ORDERED** that the motion to dismiss is **GRANTED** and the Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED:   February 17, 2009

/s/
FLORENCE-MARIE COOPER
United States District Judge

Presented by:

DATED:   January 29, 2009

/s/
JEFFREY W. JOHNSON
United States Magistrate Judge

- 3 -